UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MORGAN,

       Plaintiff,

vs.                    **CASE NO.:**

GATOR TILE & MARBLE, INC., a
Florida For Profit Corporation, and
DONALD WRIGHT, Individually,

       Defendants. _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID MORGAN, by and through the undersigned attorney, sues the Defendants, GATOR TILE & MARBLE, INC., a Florida Corporation, and DONALD WRIGHT, Individually, and alleges:

1.     Plaintiff, DAVID MORGAN, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2.     Plaintiff, DAVID MORGAN was an employee who worked at Defendants' property within the last three years in Polk County, Florida.

3.     Plaintiff, DAVID MORGAN, worked for Defendants as an hourly paid employee at an hourly rate of $15.00 per hour.

4.     Plaintiff, DAVID MORGAN, worked as a laborer performing tile work for Defendants.

5.     At all times material to this cause of action, Plaintiff, DAVID MORGAN, was a

non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6.       Defendant, GATOR TILE & MARBLE, INC., is a Florida for profit Corporation that operates and conducts business in Polk County, Florida and is therefore, within the jurisdiction of this Court.

7.       Defendant, GATOR TILE & MARBLE, INC., operates as a tiling company selling and installing tile/marble products to its customers. Customers can include Publix Supermarkets, Whole Foods, Red Lobster, and Lowe's.

8.       At all times relevant to this action, DONALD WRIGHT was an individual resident of the State of Florida, who owned and operated GATOR TILE & MARBLE, INC., and who regularly exercised the authority to: (a) hire and fire employees of GATOR TILE & MARBLE, INC.; (b) determine the work schedules for the employees of GATOR TILE & MARBLE, INC., and (c) control the finances and operations of GATOR TILE & MARBLE, INC.. By virtue of having regularly exercised that authority on behalf of GATOR TILE & MARBLE, INC., DONALD WRIGHT is/was an employer as defined by 29 U.S.C. § 201, et seq.

9.       This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11.      During Plaintiff's employment with Defendants, Defendant, GATOR TILE & MARBLE, INC., earned more than $500,000.00 per year in gross sales.

12.      Defendant, GATOR TILE & MARBLE, INC., employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

2

13.     During Plaintiff's employment, Defendant, GATOR TILE & MARBLE, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as tile, marble, bonding agents, tile cutters, wet saws, grout mixture, knives, hammers, and other tools/materials used to run the business.

14.     Therefore, at all material times relevant to this action, Defendant, GATOR TILE & MARBLE, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15.     Additionally, Plaintiff, DAVID MORGAN, is individually covered under the FLSA.

## FLSA Violations

16.     At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

17.     During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18.     Specifically, Plaintiff's official paycheck would never exceed forty (40) hours per week. Any hours in excess of forty (40) were paid using a separate check and at Plaintiff's regular rate ($15.00/hour).

19.     Plaintiff is entitled to the half-time premium ($7.50/Overtime hour) for all hours worked in excess of forty (40) per week.

20.     Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

21.     Upon information and belief, the records, to the extent any exist, concerning the

3

number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above as though stated fully herein.

23.    Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

24.    During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

25.    Plaintiff was paid his regular rate ($15.00/Hour) for all hours worked regardless of how many overtime hours were worked in the workweek.

26.    Additionally, Defendants had a method of compensating Plaintiff weekly by issuing two checks. One check was an official paystub covering hours worked up to forty (40) with FICA taxes deducted. The 2nd check covered hours worked beyond forty (40) at Plaintiff's regular rate and had no taxes withheld.

27.    Defendants have failed provide accurate overtime compensation for numerous pay periods.

28.    Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

29.    As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30.    As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DAVID MORGAN demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this _____ day of January, 2019.

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff